UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  14-CIV-23269-GAYLES

DOUG LONGHINI, individually,

    Plaintiff,

v.

POLLO OPERATIONS, INC.
d/b/a POLLO TROPICAL, a Florida
corporation; and, KIMCO REALTY
CORPORATION, a foreign corporation,

    Defendant.
_____

**DEFENDANT POLLO OPERATIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Pollo Operations, Inc. ("Pollo Operations"), by and through undersigned counsel, hereby answers the allegations of Plaintiff's Complaint as follows:

1.    Pollo Operations lacks sufficient knowledge to determine the veracity of the allegations as stated in Paragraph 1, and accordingly denies those allegations.

2.    Pollo Operations admits the allegations as stated in Paragraph 2 for venue purposes only.

3.    Pollo Operations admits the allegations as stated in Paragraph 3 for venue purposes only.

4.    Pollo Operations admits the allegations as stated in Paragraph 4 for venue purposes only.

2

5. Pollo Operations lacks sufficient knowledge to determine the veracity of the allegations as stated in Paragraph 4, and accordingly denies those allegations. Further answering, the Pollo Tropical restaurant location identified in the Complaint as 985 N. Homestead Blvd., Homestead, FL 33030, in the County of Miami-Dade, that is the subject of Plaintiff's Complaint (the "Subject Property") is accessible to individuals who use wheelchairs.

6. Pollo Operations admits that it is a Florida corporation doing business as Pollo Tropical at the Subject Property, and that it is the operator of the Subject Property. Pollo Operations further admits that it is authorized to conduct business in the State of Florida and is conducting business in the State of Florida.

7. Pollo Operations lacks sufficient knowledge to determine the veracity of the allegations as stated in Paragraph 7, and therefore denies those allegations.

8. Pollo Operations denies the allegations as stated in Paragraph 8.

9. Pollo Operations denies the allegations as stated in Paragraph 9.

10. Pollo Operations denies the allegations as stated in Paragraph 10. Further answering, Pollo Operations states that Plaintiff is not precluded from visiting or inspecting any Pollo Tropical location and is welcome to do so.

11. Pollo Operations denies the allegations as stated in Paragraph 11.

12. Pollo Operations admits that Daniel A. Espinosa and Thomas Allison have represented to the court that they have been retained to represent Plaintiff in this action. Pollo Operations denies the remaining allegations as stated in Paragraph 12.

13. Pollo Operations admits that Paragraph 13 purports to describe certain terms of the ADA and denies those allegations to the extent that they are inconsistent with the ADA or

only constitute a partial statement of the ADA.  Further answering, Pollo Operations asserts that it is not obligated to admit or deny legal conclusions.

14. Pollo Operations admits that Paragraph 14 purports to describe certain terms of the ADA and denies those allegations to the extent that they are inconsistent with the ADA or only constitute a partial statement of the ADA.  Further answering, Pollo Operations is not obligated to admit or deny legal conclusions.

15. Pollo Operations admits that 42 U.S.C. § 12188 provides for injunctive relief under the ADA, but denies that injunctive relief is necessary or proper with respect to Pollo Operations, and further denies the remaining allegations as stated in Paragraph 15.

By way of further Answer to the Complaint, Pollo Operations hereby sets forth the following Affirmative Defenses:

## First Affirmative Defense

Plaintiff lacks standing to raise mere speculative and potential claims regarding any alleged lack of access which has not been the source of an actual injury to Plaintiff and will not be an injury on a forward looking basis.

## Second Affirmative Defense

Plaintiff's claims are barred to the extent that they are based on conditions that do not constitute barriers to access, or demand modifications which are not reasonable or readily available.

## Third Affirmative Defense

By way of alternative pleading, Plaintiff's claims are moot to the extent that Pollo Operations has remedied alleged access violations specified in the Complaint.

**Fourth Affirmative Defense**

By way of alternative pleading, Plaintiff's claims are barred to the extent that the modifications specified in the Complaint would fundamentally alter the goods, services, or accommodations offered by Pollo Operations.

**Fifth Affirmative Defense**

By way of alternative pleading, Plaintiff's claims for costs and fees, and all continuing costs and fees, are not reasonable, as Plaintiff failed to notify Pollo Operations prior to filing the suit regarding his concerns, alleged deficiencies have been corrected, and any lack of compliance was immaterial, transitory and inadvertent.

**WHEREFORE,** Defendant Pollo Operations, Inc. respectfully requests that this Court dismiss the Complaint in its entirety with prejudice, issue judgment in favor of Pollo Operations, Inc., award Pollo Operations, Inc. its costs and attorneys' fees incurred in this action, and order any such further relief as this Court deems just and proper.

Date:   October 23, 2014                                  Respectfully submitted,

| | |
|---|---|
| /s/  Helen N. Baker *(Pro Hac Vice Pending)* | /s/    Natalia M. Salas |
| Freeborn & Peters LLP | Natalia Salas |
| Illinois Bar No. 55642628 | Florida Bar No. 44895 |
| 311 South Wacker Drive | Mary Leslie Smith |
| Suite 3000 | Florida Bar No. 774243 |
| Chicago, IL  60606 | Foley & Lardner LLP |
| Phone:  312-360-6000 | One Biscayne Tower, Suite 1900 |
| Fax: 312-360-6598 | Two South Biscayne Boulevard |
| Email:  hbaker@freeborn.com | Miami, Florida  33131 |
| | Phone:  305-482-8415 |
| | Fax:  305-482-8600 |
| | Email: nsalas@foley.com |
| |             mlsmith@foley.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing upon Thomas C. Allison, Esq. and Daniel A. Espinosa, Esq., of Espinosa / Jomarron, 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137.

/s/   Natalia M. Salas
Natalia M. Salas